EZRA FINCH, ADMINISTRATOR, ETC., RESPONDENT, v. GEORGE
HULL, AND OTHERS, APPELLANTS.

*Legacy — when charged upon real estate.*

A testator, by his will, provided as follows : After all my lawful debts are paid
and discharged I give and bequeath to my wife, Deziah Hull, all my real and
personal estate for her use and disposal during her life, to keep, use and dis-
pose of as she may think proper. I also give and bequeath to her the sum
of $1,000, to be disposed of, after death or during her life, as she may please.
The rest of my estate, after deducting the above mentioned $1,000, I give
and bequeath as follows:  *  *  *  ."
*Held*, that the legacy of $1,000 given to the wife was a charge upon the real
estate of the testator.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury.

The action was brought to obtain a judgment directing the sale
of certain real estate in the city of Brooklyn for the payment of a
legacy of $1,000, bequeathed to the plaintiff's intestate by her
former husband, Mark Hull, and charged by his will, as was
alleged, upon the said real estate, which was then in the possession
of the above named defendants, the children of the testator.

*Jacob S. Van Wyck*, for the appellants.

*A. C. Fancher* and *D. M. De Witt*, for the respondent.

DYKMAN, J. :

The object of this action is to procure a judgment of this court
charging a legacy of $1,000 on land, and directing the sale thereof
for its payment. It is not necessary to the existence of a charge
that the intention to make it be in express terms, for if an intention
to create a charge can be fairly implied from the whole will, it is
equally effective.

Generally where a testator devises the remainder of his property,
real and personal, after payment of debts and legacies, an intention
to charge the payment of legacies on the whole fund will be implied.
In the case of *Hoyt* v. *Hoyt* (17 Hun, 192), the testator in the first
clause of his will directed the payment of all his just debts, and

by the second he gave $1,500 to each of certain legatees named, and by the third he gave and devised " all the rest, residue and remainder of his real and personal estate to " persons named, and it was held that the legacies given by the second clause were charged upon the real estate. The language here is as follows : " First. After all my lawful debts are paid and discharged, I give and bequeath to my wife Deziah Hull, all my real and personal estate for her use and disposal during her life, to keep, use and dispose of as she may think proper. I also give and bequeath to her the sum of $1,000, to be disposed of, after death or during her life, as she may please. The rest of my estate, after deducting the above mentioned $1,000, I give and bequeath as follows : At the death of my wife, twenty-five dollars to my eldest daughter Mary Jane, and the remainder, with the above exception, be equally divided among my three remaining children, George, Emeline S. and Mark Hull, Jr., or to their heirs if they shall be deceased."

At the time of the death of the testator, he was seized and possessed of the land and premises described in the complaint, and we think the legacy of $1,000 was an absolute gift, and was charged on the land. The general rule seems to be that where a rest or remainder of property, real and personal, is to be created by first satisfying legacies previously given, an intention of the testator to create a charge may be fairly inferred ; but here the intention is hardly left for inference. It is quite plainly expressed. The language is : " The rest of my estate, after deducting the above mentioned $1,000, I give and bequeath as follows." We think this made the legacy of $1,000 a charge on the testator's real property.

This was an absolute vested legacy, and payable to the legatee in her lifetime or to her personal representatives after her death.

As there was no personal property of the testator from which the legacy in question could have been paid, and as it never has been paid, it was and is a charge on the land in question, and the judgment appealed from is just and right, and must be affirmed.

The judgment should be affirmed, with costs.

GILBERT, J., concurred ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.